UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEVINCENT A. MCFARLIN, SR.,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF WAYNE, et al.,<br><br>    Defendants. | Case No. 25-cv-12780<br><br>Honorable Robert J. White |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ADJOURN**

This case involves *pro se* Plaintiff's constitutional claims related to Defendants' zoning restrictions and a sign displayed in Plaintiff's front yard. (ECF No. 1). Plaintiff also filed a motion for a temporary restraining order (TRO) and preliminary injunction (PI) to enjoin enforcement of Defendants' restrictions. (ECF No. 3). Defendants answered on October 10, 2025. (ECF No. 10). The Court then directed Defendants to respond to Plaintiff's motion for a TRO and PI, and it set an in-person hearing on this motion for October 31, 2025. (ECF Nos. 12-13).

Before the Court is Plaintiff's motion for an extension of time and/or adjournment in this matter. (ECF No. 14). Plaintiff specifically seeks "an extension

of time and/or an adjournment of deadlines" due to his present incarceration,[1] "which materially restricts [the] access to legal resources and the ability to prepare filings and participate in proceedings."  He does not identify any specific date(s) to cut off the proposed adjournment/extensions, instead seeking such relief "as the Court deems appropriate." (ECF No. 14, PageID.67).

Plaintiff argues that he has acted diligently in this case, the interests of justice favor his meaningful participation, he seeks only "such additional time as is reasonably necessary," and no party would be prejudiced by "an extension or short adjournment." (ECF No. 14, PageID.67).  Plaintiff also seeks to participate remotely in any proceedings that take place while he remains incarcerated, and he asks the Court or Court Clerk to provide him copies of the current docket and all filings to date, including confirmation whether Defendants answered or otherwise responded to his complaint. (ECF No. 14, PageID.67-68).

Defendants filed a notice of joinder/concurrence in Plaintiff's motion, stating that they "have no objection to the relief and/or alternative relief requested by Plaintiff, if the Court deems it appropriate . . . ." (ECF No. 16, PageID.76). Accordingly, the Court grants Plaintiff's motion in part and adjourns all deadlines

---

[1] Public records show that Plaintiff has been incarcerated in the Wane County Jail since July 11, 2025. *See* Wayne County Sheriff Inmate Inquiry, DeVincent Allen-Leland McFarlin, https://inmateinquiry.waynecounty.com/NewWorld.InmateInquiry/MI8218200/Inmate/Detail/-1988712 (accessed Oct. 22, 2025).

2

and hearings currently scheduled in this case for 90 days. The Court also grants Plaintiff's request to participate remotely if any proceedings are scheduled while he is still incarcerated. *See* Fed. R. Civ. P. 43 ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.").

Plaintiff's request for the current docket report and copies of all filings to date, however, is only granted in part. First, the Court agrees that Plaintiff should be provided the current docket report for this case. *See McMurry v. Caruso*, No. 10-1206, 2013 U.S. Dist. LEXIS 77386, at *1, 6 (W.D. Mich. Jun. 3, 2013) (the Clerk mailed copies [of the docket report] to [the incarcerated, *pro se*] Plaintiff on several occasions in response to Plaintiff's request").

But Plaintiff provides no authority, nor is the Court independently aware of any, requiring the Court or Clerk to provide copies of every filing to date. That said, Defendants must still serve Plaintiff with their filings, *see* Fed. R. Civ. P. 5, and the Clerk must serve Plaintiff with notice of any order or judgment entered by the Court, *see* Fed. R. Civ. P. 77(d).[2] Moreover, if Plaintiff desires copies of any document on

---

[2] Notably, although Plaintiff is obligated to notify the Court and parties of any change in address (ECF No. 5), he has not indicated his prison address or inmate number here. Indeed, even though Plaintiff was incarcerated when he initiated this case, his appearance and filings all give a residential address. The Court also importantly warned that failure to notify the Court could result in dismissal of the case. (ECF No. 5, PageID.42). Accordingly, to the extent Plaintiff implies he cannot receive or

the record in addition to those provided with service, he may obtain this either through PACER, or by requesting any specific document by mail from the Clerk's office (and paying the associated fee after determining the number of pages involved).

\* \* \*

For the reasons given, the Court ORDERS that Plaintiff's motion (ECF No. 14) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that all hearings and deadlines in this case are adjourned for 90 days.  The October 31, 2025 motion hearing is rescheduled for February 2, 2026 at 2:00 pm.

IT IS FURTHER ORDERED that Plaintiff must continually update the Court with his current address, including the prison address where he now resides.

IT IS FURTHER ORDERED that the Clerk is directed to send Plaintiff a copy of the current docket report following entry of this order.

IT IS FURTHER ORDERED that to the extent Plaintiff seeks an additional copy of any specific filing in this case, this request is DENIED.

---

access filings from prison, this appears fixable with an appropriate address change on the record.  In any event, Plaintiff replied to Defendants' answer as recently as October 20, 2025 (ECF No. 15), showing that he is in fact aware of and able to respond to Defendants' filings here.

4

Dated: October 24, 2025            s/Robert J. White
                                                      Robert J. White
                                                      United States District Judge