UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVINCENT A. MCFARLIN,
SR.,

      Plaintiff,

v.

CITY OF WAYNE, et al.,

      Defendants.

Case No. 25-cv-12780

Honorable Robert J. White

---

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR
AMEND FINAL ORDER OR FOR ALTERNATIVE RELIEF**

---

This case involves *pro se* Plaintiff's constitutional claims related to Defendants' zoning restrictions and a sign displayed in Plaintiff's front yard. (ECF No. 1).  Before the Court is Plaintiff's motion "to alter or amend its April 21, 2026 Order dismissing this matter without prejudice, or alternatively to reconsider the dismissal, reopen the matter for limited jurisdictional discovery, and permit Plaintiff to supplement the record with newly documented comparator evidence concerning the City of Wayne's selective enforcement and non-enforcement of its sign-material restrictions." (ECF No. 34).  The Court has not allowed responsive briefing or oral argument. *See* E.D. Mich. L.R. 7.1(h)(3).  For the following reasons, the Court denies Plaintiff's motion.

## I.      Background

Plaintiff alleged that Defendant City of Wayne (the City) ordered him to remove "a 4'x8' (32 sq. ft.) coroplast political sign" erected on Plaintiff's private property. (ECF No. 1, PageID.1-2).   The City's enforcement letter to Plaintiff indicates that the sign was "illegally installed" because "there has been no permit applied for to display the sign as required by the City of Wayne Ordinance 1222.03." The letter instructed Plaintiff "to immediately remove the sign until a permit application has been submitted, reviewed, approved, paid for and issued for this sign." (ECF No. 3, PageID.15).

Plaintiff filed suit, asserting five separate counts, the first four each making facial and as-applied constitutional challenges to the City's zoning rules and enforcement, and the fifth making parallel, catch-all constitutional claims under Michigan law. (ECF No. 1, PageID.2).  In his Count I, Plaintiff alleged that the City's "permit-first requirement, with no decision deadlines and broad discretion, is an unconstitutional prior restraint on protected speech." *Id.*  Count II alleged that the materials restrictions and ban on immoral speech are content-based restrictions that fail the test of strict scrutiny. *Id.*   Count III generally alleged that the City's "sweeping restrictions" are unconstitutional to the extent they restrict "[p]olitical yard signs at a home." *Id.*  And Count IV claimed the violation of due process under the Fourteenth Amendment because "[t]erms like 'immoral' and the open-ended

permitting criteria invite arbitrary enforcement and fail to give ordinary people fair notice." *Id.*

In his initial motion for preliminary injunctive relief, Plaintiff sought to enjoin enforcement of (1) the permit requirement as applied to his sign, (2) the materials restrictions as applied to all "non-illuminated temporary yard signs," and (3) the immoral content provision as applied to all signs. (ECF No. 3, PageID.11).  Plaintiff also requested an order stating that he may display his sign while this case progresses. *Id.*  Plaintiff's later supplemental motions provided images of numerous other signs in the area and asserted that the City is selectively enforcing its ordinance provisions against his sign and not others. (ECF Nos. 30-31; *see also* ECF No. 32).

On April 21, 2026, the Court denied Plaintiff's various motions for preliminary injunctive relief and dismissed the complaint without prejudice due to a lack of standing. (ECF No. 33).  In relevant part, the Court concluded that Plaintiff's injury was not redressable because his proposed sign was independently prohibited by the City's constitutionally-valid materials restrictions.  The Court concluded that this defect was fatal to all Plaintiff's various motions for preliminary relief.  The Court relatedly concluded as follows:

> [T]o the extent Plaintiff's supplemental motions assert that the City is selectively enforcing its ordinance provisions, this is pure speculation. Plaintiff merely attaches images of various other signs in the community, but the record lacks any information regarding the circumstances particular to these signs (for example, facts explaining

how these signs violate the City's requirements or were otherwise treated differently than Plaintiff's sign).

(ECF No. 33, PageID.268-70).

## II.     Legal Standard

The local rules of this district no longer allow a party to file a motion for reconsideration of final orders or judgments. E.D. Mich. LR 7.1(h)(1).  Instead, "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." *Id.*

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  While Rule 59(e) permits a court to alter or amend a judgment, it "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The residual clause in Rule 60(b)(6) affords relief "only in exceptional or extraordinary circumstances" not otherwise addressed by the rule's first five clauses. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (citation omitted).  Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (citation omitted).  Like Rule 59(e), Rule 60(b) does not provide a vehicle to rehash arguments previously made and rejected. *Long v. Morgan*, 56 F. App'x 257, 258 (6th Cir. 2003) ("A Rule 60(b) motion must be denied if . . . it is merely an attempt to relitigate the case.").  And the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by "clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

5

## III.   Analysis

Plaintiff's motion essentially argues that relief is warranted based on new evidence supporting the City's selective enforcement of its materials restrictions and curing the precise evidentiary defect identified in the Court's decision dismissing the complaint.  According to Plaintiff, this new evidence "undercuts the factual premise that the materials restriction[s are] a neutral, independently enforceable bar defeating redressability." (ECF No. 34, PageID.271-76).

Although newly discovered evidence can warrant relief under Rules 59(e) and 60(b), both rules require that such evidence could not have been discovered/presented before the court ruling being challenged. *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) ("To prevail on a motion brought pursuant to Rule 59(e), newly discovered evidence must have been previously unavailable.") (cleaned up); *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018) (To prevail under Rule 60(b) based on newly discovered evidence, "[t]he movant needs to show by clear and convincing evidence . . . that it exercised due diligence to obtain the evidence . . . ."); *see also GM, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022) (Rule 59(e) does not permit using a court decision as "as a sounding board to discover holes in [a party's] arguments.").

Here, Plaintiff critically includes no argument or facts to support that his new evidence was unavailable, or that he exercised due diligence to obtain it, before the

6

Court dismissed his complaint.   Lacking any such representations, it appears Plaintiff's motion improperly uses the Court's prior ruling as a sounding board by attempting to belatedly remedy certain factual deficiencies identified by the Court. In fact, Plaintiff obtained his new evidence based on a "field investigation" he undertook only *after* the Court dismissed his complaint (ECF No. 34, PageID.273), and nothing in the record shows any barrier that prevented Plaintiff from performing this investigation and providing the associated evidence before the earlier ruling. Accordingly, the record supports that Plaintiff only undertook this investigation in response to the Court's prior ruling and in an effort to find sufficient evidence to counter specific factual deficiencies identified therein.

Next, to the extent Plaintiff seeks limited jurisdictional discovery and notes that he has a FOIA request pending to provide further facts regarding the City's selective enforcement, his argument is unavailing.   As an initial matter, the City raised its jurisdictional challenge to standing when responding to Plaintiff's initial motion for preliminary relief.   So if limited discovery was necessary to resolve the jurisdictional issue, Plaintiff should (and could) have raised this argument in the first instance.   In any event, Plaintiff provides no caselaw or other authority to support his current request for limited discovery.   And as it relates to Plaintiff's pending FOIA request, he again fails to indicate any efforts to obtain this information, or any barriers to the same, from before the Court's prior ruling.

7

In sum, having rejected the applicability of Plaintiff's new evidence, the Court essentially concludes that his motion must be denied as an improper attempt (1) to rehash arguments Plaintiff already made and which the Court rejected in its order dismissing the complaint, and (2) to assert new arguments that could have already been raised.

* * *

For the reasons given, the Court ORDERS that Plaintiff's motion (ECF No. 34) is DENIED.

Dated: May 21, 2026                    s/Robert J. White
                                       Robert J. White
                                       United States District Judge